Ex parte Bolívar Pagán, etc., Petitioner and Appellant; People of Puerto Rico, Respondent and Appellee.

No. 5497. Argued June 6, 1934.—Decided June 13, 1934.

*Bolívar Pagán* for appellant.  *R. A. Gómez, Fiscal,* for appellee.

Mr. Justice Aldrey delivered the opinion of the court.

This appeal was taken from a decision in a habeas corpus proceeding refusing to release Mario Márquez, who was imprisoned upon the charge of having set fire to a house insured for $2,000 with the intent to defraud the insurance company.

The ground urged for release is that there is no probable cause for his detention.

From the evidence presented by the prosecution in opposition to the petition it appears that at the end of December 1933, the mother of Mario Márquez bought a frame house in Caguas, which was then untenanted and which continued to be untenanted until it was destroyed by fire on January 9, 1934, at 1:45 o'clock in the morning; that that house was insured against fire in the amount of $2,000; that that morning at about 1:30, a witness saw Mario Márquez and another person in the house and about ten minutes later saw him come out alone, the fire commencing a few minutes later. According to another witness, Mario Márquez said to someone who suffered burns in trying to put out the fire that the blame for the injuries he had suffered was upon the person he had paid to burn the house, for having failed to carry out the order which he had given him to put a padlock on the door and for having left it open.

The appellant admits that the house which burned was insured, and says that if it be assumed that he had set fire

to the house, he did it for the purpose of defrauding the insurance company, but that from the evidence it does not appear that he did the act of putting fire to the house. The question to be decided is reduced to this.

The statements of a defendant made before or after the commission of the crime, although not amounting to a confession, but from which, in connection with other evidence of surrounding circumstances, an inference of guilt may be drawn, are admissible against him as admissions. 16 C. J. 626; *People* v. *Flores,* 17 P.R.R. 166. An extrajudicial admission is to be received and considered with caution, and although not sufficient of itself to support a conviction, it is a circumstance to be considered together with other facts in passing on the guilt of accused. 16 C. J. 628. Consequently, the admissions made by the defendant may be taken into account together with the other testimony offered by the prosecution. This court did not say in the case of *Ex parte Colón,* 11 P.R.R. 411, cited by the appellant, that extrajudicial admissions are not admissible evidence. What was said was that, apart from the admission, there was evidence against the defendant. The same was said in the case of *Ex parte Becker,* 86 Cal. 402.

Taking, then, into consideration the prosecution's evidence as a whole, it must be concluded that there is *prima facie* probable cause that the defendant set fire to the house and consequently for the detention of Mario Márquez. But even disregarding the extrajudicial statements which he made, the other testimony is in our opinion sufficient to preclude a decision releasing him for lack of probable cause for detention for the commission of the offense, because the fact that he entered, with another person, into an untenanted house in the small hours of the night and came out a few minutes later, a few moments before fire broke out in the house, seems to us a sign of his guilt. It must be remembered that in this proceeding of habeas corpus it cannot be decided whether such sign is sufficient to establish his guilt, but solely whether

it is sufficient to show the existence of probable cause for his detention. Upon the trial court will fall the duty of determining whether that sole sign, in the absence of other evidence, is sufficient to convict him.

The decision appealed from must be affirmed.

Mr. Justice Córdova Dávila took no part in the decision of this case.